**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4485**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHANIE NICOLE MACKIE-HATTEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:18-cr-00716-RBH-10)

Submitted:  April 8, 2020                                      Decided:  April 16, 2020

Before KEENAN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.  Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephanie Mackie-Hatten pleaded guilty, without the benefit of a plea agreement, to conspiracy to possess with intent to distribute and to distribute a quantity of heroin, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2018). The district court sentenced Mackie-Hatten to 120 months of imprisonment. On appeal, counsel for Mackie-Hatten has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11.[1] Mackie-Hatten filed a pro se supplemental brief, arguing that the district court should have applied the safety-valve reduction in 18 U.S.C. § 3553(f) (2018); *see* First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221. We affirm.

Counsel questions whether the district court complied with Rule 11 in accepting Mackie-Hatten's guilty plea. Because Mackie-Hatten neither raised an objection during the Rule 11 proceeding nor moved to withdraw her guilty plea in the district court, we review the Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, Mackie-Hatten "must demonstrate not only that the district court plainly erred, but also that this error affected [her] substantial rights." *Id.* at 816. A defendant who pleads guilty establishes that an error affected her substantial rights by demonstrating "a reasonable probability that, but for the

---

[1] We deny Mackie-Hatten's motion objecting to her counsel's *Anders* brief.

error, [she] would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

We have reviewed the plea colloquy and note that the district court did not explain to Mackie-Hatten the potential immigration consequences of pleading guilty. *See* Fed. R. Crim. P. 11(b)(1)(O). Because Mackie-Hatten is a United States citizen, the court's minor omission did not affect her substantial rights. *See Davila*, 569 U.S. at 608. Moreover, the district court otherwise complied with Rule 11 and ensured that Mackie-Hatten's plea was knowing, voluntary, and supported by an independent factual basis. *See United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Mackie-Hatten challenges the district court's failure to sua sponte raise and apply a safety-valve reduction. Mackie-Hatten was not eligible for a safety-valve reduction because she was not subject to a statutory minimum sentence. We therefore conclude that the district court committed no plain error in this regard. *See United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020) (stating standard of review for sentencing claims raised for first time on appeal and providing standard).

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mackie-Hatten, in writing, of the right to petition the Supreme Court of the United States for further review. If Mackie-Hatten requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

3

state that a copy thereof was served on Mackie-Hatten. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4